UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE E.,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER, et al.

Respondents.

No. 1:26-cv-05840-RLP

ORDER DENYING HABEAS PETITION

Before the Court is Jose E.'s[1] ("Petitioner") petition for writ of habeas corpus, ECF No. 1. Petitioner challenges the lawfulness of his civil detention and

[1]As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case

seeks immediate release. Alternatively, Petitioner contends that his prolonged detention without a bond hearing violates his Fifth Amendment Due Process rights. Respondents contend the petition and motion should be denied because Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2). Respondents also request that the Court rescind its non-transfer order to allow immigration officers to complete Petitioner's removal.

The Court agrees with Respondents. As discussed below, Petitioner's petition for habeas corpus is denied and the order prohibiting transfer is revoked.

## BACKGROUND

Petitioner is a citizen of Honduras. ECF No. 9-1 at 1. He entered the United States without inspection on an unknown date. *Id*.

On June 24, 2026, Petitioner was taken into custody by local law enforcement and immigration officials following a traffic stop. *Id*. at 2. The same day, Petitioner was issued a Notice to Appear, placing him in removal proceedings and charging him with inadmissibility under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). *Id*. at 3

---

Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

On July 27, 2026, Petitioner filed the instant petition. ECF No. 1. The next day, on July 28, 2026, an immigration judge ordered Petitioner removed to Honduras. ECF No. 9-3 at 3. Petitioner waived appeal of that decision. *Id*. at 4.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## IMMIGRATION AND NATIONALITY ACT

The Immigration and Nationality Act provides that when a noncitizen "is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (the "removal period")." 8 U.S.C. § 1231(a)(1)(A). Relevant here, the removal period begins on the "date the order of removal becomes administratively final." *Id*. § 1231(a)(1)(B). Moreover, detention

during the removal period is mandatory. *See id.* § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) ("During the removal period, detention is mandatory." (citing § 1231(a)(2)). The Court of Appeals has held that this period of detention "passes constitutional scrutiny" because there is no danger of indefinite detention; on the contrary, the provision authorizes "detention for 90 days only." *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004). A noncitizen "cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed" since the noncitizen's removal order became final. *Id*. at 1299, n.3.

Here, Petitioner was ordered removed on July 28, 2026. ECF No. 9-3 at 3. Because petitioner waived his right to appeal, the order became final on that day. *See* 8 C.F.R. § 1241.1(b). Consequently, Petitioner is subject to mandatory detention during his removal period, which runs through October 26, 2026. *See* 8 U.S.C. §§ 1231(a)(1)(A), (2)(A). Moreover, this mandatory detention does not violate Petitioner's due process rights. *See Khotesouvan*, 386 F.3d at 1301. Accordingly, Petitioner's detention violates neither the Fifth Amendment nor the Immigration and Nationality Act.

**Accordingly, IT IS ORDERED:**

1. The Petition for Habeas Corpus, **ECF No. 1**, is **DENIED** without prejudice.

2. The Motion to Appoint Counsel, **ECF No. 3**, and the Motion for a Temporary Restraining Order, **ECF No. 4**, are **DENIED** as moot.

3. **The Court's prior order directing that Petitioner not be transferred**, **ECF No. 6, is REVOKED**.

**IT IS SO ORDERED.** Judgment shall be entered in favor of Respondents and the file closed. A copy of this order shall be transmitted to Petitioner by mail.

DATED August 4, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE